**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4095**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

OKANG KAREEN ROCHELLE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:05-cr-00112-WO-1)

_____

Submitted:  March 24, 2011          Decided:  April 11, 2011

_____

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-
Salem, North Carolina, for Appellant.  Anand P. Ramaswamy,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Okang Kareen Rochelle was found guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), following a jury trial. The district court sentenced him to 220 months' imprisonment and three years of supervised release. Rochelle's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred in admitting evidence found in a search of Rochelle's car, whether the district court erred in denying Rochelle's motion to suppress, and whether the district court erred in sentencing Rochelle in excess of the U.S. Sentencing Guidelines range. Rochelle was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief.

First, counsel questions whether the district court erred in admitting the evidence found in the investigative stop conducted on May 17, 2004. Rochelle did not move to suppress this evidence. Motions to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C); United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes a waiver unless the trial court grants relief from the waiver under Rule 12(e) for cause

shown.  Fed. R. Crim. P. 12(e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995).  The district court has not granted such relief.  Accordingly, Rochelle has waived consideration of this issue.

Second, counsel questions whether the district court erred in denying Rochelle's motion to suppress two firearms recovered in the November 2004 search of his car, specifically in light of Arizona v. Gant, 129 S. Ct. 1710 (2009).  When considering a district court's ruling on a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot," he is entitled to conduct a brief, investigatory stop.  Terry v. Ohio, 392 U.S. 1, 30 (1968).  The court will determine if such a stop was within the scope of the Fourth Amendment by considering the totality of the circumstances and "whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing."  United States v. Arvizu, 534 U.S. 266, 273 (2002)

3

(internal quotation marks omitted).  When assessing the totality of the circumstances, even where "each factor alone is susceptible of innocent explanation," the totality of the factors may be enough to provide reasonable suspicion, justifying an investigative stop.  Id. at 277-78.

In Arizona v. Gant, the Supreme Court substantially limited its prior holdings in vehicle search cases.  The Court stated that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  Gant, 129 S. Ct. at 1723.  Our review of the record leads us to conclude that the officers reasonably believed that Rochelle's vehicle contained evidence of the offense of arrest—namely unlawful firearms possession—and properly searched the vehicle.  The district correctly denied the motion to suppress.

Lastly, counsel questions whether the district court erred in imposing Rochelle's 220-month sentence.  This court reviews Rochelle's sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  In reviewing a sentence, this court must first determine whether the district court committed any significant procedural errors, examining the record for miscalculation of

4

the Guidelines range, the treatment of the Guidelines as mandatory, failure to consider the 18 U.S.C. § 3553(a) factors, the selection of a sentence based on clearly erroneous facts, and whether the court adequately explained the chosen sentence and any deviation from the Guidelines.  Id. at 51.

If we find no significant procedural error, we next assess the substantive reasonableness of the sentence.  United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010).  In this analysis, the court "tak[es] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). After thoroughly reviewing the record, we conclude that Rochelle's variance sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rochelle's conviction and sentence.  This court requires that counsel inform Rochelle, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rochelle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

5

representation.  Counsel's motion must state that a copy thereof was served on Rochelle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED